UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-10067-RGS

MAN NI LIU

v.

DAVID WESLING, Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

January 29, 2025

STEARNS, D.J.

Petitioner Man Ni Liu filed this petition for writ of habeas corpus challenging the legality of his most recent detention by U.S. Immigration and Customs Enforcement (ICE). For the following reasons, the court will grant the petition.

## FACTUAL BACKGROUND

Petitioner Man Ni Liu was born in a refugee camp in Hong Kong (then under British rule) on December 30, 1980. He entered the United States with his parents as a refugee on February 27, 1981, and was granted permanent resident status a year later.

In 2003, petitioner was convicted of several deportable offenses. The government initiated removal proceedings against him upon his release from incarceration, culminating in the issuance of a final order of removal to his presumed country of origin, China, on June 7, 2007.

On September 7, 2007, following the expiration of the 90-day detention period mandated by statute, the government released petitioner from custody under an Order of Supervision while it attempted to obtain travel documents from China permitting his removal. With one brief exception,[1] petitioner remained on supervised release for the next nineteen years. His present detention began on January 8, 2026, when he appeared (at ICE's request) at its offices in Burlington, Massachusetts.

## DISCUSSION

Section 1231(a)(6) of Title 8 of the U.S. Code permits the government to discretionarily detain an alien who has been ordered removed beyond the mandatory 90-day removal period. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court read an implicit limitation into the statutory provision that any post-removal detention may not exceed the "period reasonably necessary to bring about that alien's removal from the United

---

[1] Immigration officials detained petitioner between July and December of 2009 for failure to appear for a required report-in date.

States." *Id.* at 689. Although a detention of up to six months is presumptively reasonable, *Zadvydas* does not give the government free license to confine aliens indefinitely. *Id.* at 701. Detention is only permissible "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Pursuant to his most recent detention, ICE submitted a request for travel documents for petitioner to the Chinese government on October 27, 2025. Chan Decl. [Dkt # 32-1] ¶ 7. More than three months later, that request remains pending. ICE indicates that it has since received assurances from the Chinese government that it "is working on a process to obtain travel documents from Hong Kong." *Id.* ¶ 8. The Chinese government has not, however, provided ICE with any clear timeline for the process or even given a rough estimate as to when ICE can expect to receive a response. Nor has it confirmed that the process will, as ICE anticipates, result in the issuance of travel documents – China has already once before refused to issue petitioner travel documents (immigration officials first requested them in 2007). In the face of such uncertainty, the court cannot say that petitioner's removal is significantly likely in the reasonably foreseeable future. Petitioner's detention accordingly is not authorized under § 1231(a)(6), and he must be released.

As an alternative, ICE represents that it is now considering removing petitioner to Vietnam instead of China. The problem is this: Even assuming Vietnam is a viable and willing country of removal, ICE will need to amend the existing order of removal and submit a request for travel documents to the Vietnamese government before any removal could occur. This process may take months to complete, if indeed it can be completed at all – certainly, it is not likely to be resolved in the reasonably foreseeable future.

## ORDER

For the reasons stated above, the court ORDERS that petitioner be transported back to the District of Massachusetts and released from detention (subject to the terms and conditions of release previously imposed by the Immigration Court prior to his present incarceration) by 12:00 pm on Wednesday, February 4, 2026. The government shall file a certificate of compliance with the court's order by close of business on Thursday, February 5, 2026.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE